UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

        Plaintiff,

v.

UNKNOWN PECHTEL, *et al.*,

        Defendants.

        Case No. 1:23-cv-627

        Hon. Robert J. Jonker

_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Bruce Parker ("Parker") is a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendants' motion to dismiss brought pursuant to 28 U.S.C. § 1915(e)(2)(A) (ECF No. 37).

**I.    Discussion**

Parker received substantial assets from settling a lawsuit in 2022. However, he continued to claim that he was entitled to *in forma pauperis* status. The Court addressed this situation in *Parker v. Maus*, No. 1:23-cv-442:

> The Court granted Parker IFP status based on his representation dated April 27, 2023, that his assets were limited to a friend giving him $100 every two months and $71.07 in his prison trust account. *See* Application for IFP (ECF No. 2); Order (ECF No. 5). Parker's statement of poverty was not true. Parker omitted the fact that he had a substantial asset in the form of a certificate of deposit (CD) in the amount of $43,495.00. Defendants point out that this asset arose from an unfiled settlement agreement in the case of *Parker v. Gainer*, No. 1:16-cv-1302 (W.D. Mich.) (Aug. 10, 2022), in which defendants paid Parker $162,000.00, with $5,000.00 deposited into Parker's MDOC Trust Account and $157,000.00 into the IOLTA Account of Parker's Attorney paid jointly to "Bruce Parker and the Conybeare Law Office". *See* Settlement Agreement (ECF No. 41-5).

> Title 28 U.S.C. § 1915(e)(2) provides that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue[.]" Here, plaintiff's statement of poverty was untrue because his IFP application did not disclose the $43,495.00 CD. The next question is whether this case should be dismissed with or without prejudice. "Federal courts of appeals, including the Sixth Circuit, have held that district courts have the discretion to dismiss a case with prejudice where a plaintiff intentionally and in bad faith misrepresents his financial status in order to proceed in forma pauperis." *Ojose v. Matanin*, No. 4:16CV2952, 2019 WL 1078349 at *4 (N.D. Ohio March 6, 2019) (listing cases), *affirmed Sub nom. Ojose v. Youngstown State University*, No. 19-3221, 2019 WL 8301664 (6th Cir. Dec. 18, 2019). In affirming the decision, the Sixth Circuit stated that "the district court has discretion to determine whether the action is dismissed with or without prejudice." *Ojose*, 2019 WL 8301664 at *2. While defendants seek to dismiss this case with prejudice, they have not established that Parker acted in bad faith when he omitted the CD. Accordingly, Parker's case, which must be dismissed, should be dismissed without prejudice.

*Parker v. Maus*, No. 1:23-cv-442, 2024 WL 3640514 at *1 (June 21, 2024), *R&R adopted*, 2024 WL 3639665 (W.D. Mich. Aug. 2, 2024) (footnote omitted).

Parker filed the present lawsuit on June 16, 2023. At that time, Parker filed a motion for leave to proceed IFP (ECF No. 6) in which he misrepresented his financial status, stating that "Plaintiff is indigent as indicated in the attached account certified prisoner printout". The attached Certificate of Prisoner Institutional / Trust Fund Account Activity (ECF No. 6-1) indicated that Parker had a current spendable account balance of $8.09. On August 1, 2023, the Court entered a deficiency order because Parker had failed to file a complete affidavit of indigence (ECF No. 10). In a response dated August 8, 2023, Parker filed a "Renewed Affidavit of Indigency" stating, in part, that his only asset was a certificate of deposit "that was set up by Attorney Ann Buckleitner to assist Plaintiff once he was released from Prison" and which "cannot be touched until September, 2025". Affidavit (ECF No. 11).[1] The Court reviewed the affidavit and granted Parker's request to proceed IFP. *See* Order (ECF No. 12).

---

[1] While Parker referred to a "renewed Affidavit", this was the first financial affidavit filed in this action.

As discussed, 28 U.S.C. § 1915(e)(2)(A), provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue[.]" In this case, Parker filed motion for leave to proceed IFP (ECF No. 6) in which he made an allegation of poverty which was untrue, *i.e.*, that he was indigent with a prisoner trust account balance of $8.09. At that time, Parker actually had assets of over $43,000. While Parker's renewed affidavit identified the asset, and this Court granted him IFP status based on that document, these later actions do not excuse Parker's initial conduct in which he sought to obtain IFP status based upon an allegation of poverty which was untrue. For these reasons, defendants' motion to dismiss should be granted.

Finally, while defendants seek to dismiss this case with prejudice, they have not presented evidence (*e.g.*, court orders denying IFP entered before June 16, 2023) which could demonstrate that Parker acted in bad faith when he filed his original motion to proceed IFP. Accordingly, Parker's case, which must be dismissed, should be dismissed without prejudice.

**II.    Recommendation**

For all of these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 37) be **GRANTED** and that this case be **DISMISSED without prejudice**.

Dated: January 21, 2025                            /s/ Ray Kent
                                                   RAY KENT
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).